# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0147V
UNPUBLISHED

|  |  |
|---|---|
| M.B. and J.B., on behalf of their Minor Child, J.B.,<br><br>                    Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 20, 2019<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Diphtheria Tetanus acellular Pertussis (DTaP) Vaccine; Polio Inactivated Virus (IPV) Vaccine; Morphea |

*Andrew Donald Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioners.*

*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

On January 31, 2017, M.B. and J.B., on behalf of their Minor Child, J.B., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that J.B. suffered morphea as a result of receiving the Diphtheria Tetanus acellular Pertussis ("DTaP") and Polio Inactivated Virus ("IPV") vaccines on July 27, 2015. Petition at 1-2; Stipulation, filed December 19, 2019, at ¶¶ 2-4. Petitioners further allege that the vaccines were administered in the United States and that there has been no prior award or settlement of a civil action for damages on behalf of J.B. as a result of her condition. Petition at 1-5; Stipulation at ¶¶ 3-5. "Respondent denies that the vaccines caused J.B. to suffer from morphea or any other injury or her current condition. " Stipulation at ¶ 6.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on December 19, 2019, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation**:

1. **A lump sum of $119,050.00, which amount represents compensation for first year life care expenses ($6,550.00), pain and suffering ($112,500.00), in the form of a check payable to Petitioners as guardian(s)/conservator(s) of the estate of J.B. for the benefit of J.B. No payments shall be made until Petitioners provide Respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of J.B.'s estate**;

2. **A lump sum of $50,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to Petitioners, M.B. and J.B.; and**

3. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company")**.

Stipulation at ¶ 8.

These amounts represent compensation for all items of damages that would be available under § 15(a). *Id.*

I approve the requested amount for Petitioners' compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| M█████ B██████ and J█████ B████████, )<br>on behalf of their minor child, J.B., )<br> )<br>Petitioners, )<br> )<br>v. )<br> )<br>SECRETARY OF HEALTH )<br>AND HUMAN SERVICES, )<br> )<br>Respondent. )<br>_____ ) | No. 17-147V<br>Chief Special Master<br>Brian H. Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, J.B., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.B.'s receipt of the DTaP and IPV vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. J.B. received DTaP, IPV, pneumococcal, rotovirus, and HIB immunizations on July 27, 2015.

3. The vaccines were administered within the United States.

4. Petitioners allege that J.B. suffered from morphea as a result of receiving the DTaP and/or IPV vaccines.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of J.B. as a result of her condition.

6. Respondent denies that the vaccines caused J.B. to suffer from morphea or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $119,050.00, which amount represents compensation for first year life care expenses ($6,550.00), pain and suffering ($112,500.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of J.B. for the benefit of J.B. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of J.B.'s estate;

> b. A lump sum of $50,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, M██ B██ and J█ B██████; and

> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

> These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

> b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

2

    c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

    10.  The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of J.B., pursuant to which the Life Insurance

Company will agree to make payments periodically to petitioners, as the court-appointed

guardian(s)/conservator(s) of the estate of J.B. for the following items of compensation:

a. For future unreimbursable  Blue Cross Blue Shield Maximum-out-of-Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,550.00 to be paid up to the anniversary of the date of judgment in year 2041, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

b. For future unreimbursable Insurance Maximum-out-of-Pocket expenses, beginning on the anniversary of the date of judgment in year 2041, an annual amount of $7,350.00 to be paid up to the anniversary of the date of judgment in year 2080, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable Medicare Supplement expenses, beginning on the anniversary of the date of judgment in year 2080, an annual amount of $1,985.28 to be paid for the remainder of J.B.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2080, an annual amount of $1,535.64 to be paid for the remainder of J.B.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may

be provided to the petitioners in monthly, quarterly, annual or other installments. The "annual

amounts" set forth above describe only the total yearly sum to be paid to the petitioners and do

not require that the payment be made in one annual installment. The petitioners will continue to

receive the annuity payments from the Life Insurance Company only so long as J.B. is alive at

the time that a particular payment is due. Written notice to the Secretary of Health and Human

3

Services, and the Life Insurance Company shall be provided within twenty (20) days of J.B.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

4

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of J.B. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of J.B.'s estate under the laws of the State of Texas. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of J.B.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.B. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.B. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of J.B., on behalf of themselves, J.B., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments,

5

claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.B. resulting from, or alleged to have resulted from the vaccinations administered on July 27, 2015, as alleged by petitioners in a petition for vaccine compensation filed on or about January 31, 2017, in the United States Court of Federal Claims as petition No. 17-147V.

18. If J.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused J.B. to suffer from morphea or any other injury or condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of J.B.

 END OF STIPULATION

7

Respectfully submitted,

PETITIONER:

M████ B██████

PETITIONER:

J████ B██████

ATTORNEY OF RECORD FOR
PETITIONERS:

ANDREW D. DOWNING, ESQ.
3030 N. Third Street, Suite 700
Phoenix, AZ 85012
Tel: (602) 257-9160

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Ward Sorensen for*

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4133

Dated: **December 19, 2019**