# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-0147V

| | |
|---|---|
| M.B. and J.B., on behalf of their Minor Child, J.B., | Chief Special Master Corcoran |
| Petitioners, | Filed: July 6, 2021 |
| v. | Special Processing Unit (SPU); Relief from Judgment under RCFC 60(b)(6); Guardianship Delays; Covid-19 Pandemic; Diphtheria Tetanus acellular Pertussis (DTaP) Vaccine; Polio Inactivated Virus (IPV) Vaccine; Morphea |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Andrew Donald Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.*

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION GRANTING RELIEF FROM JUDGMENT[1]

On January 31, 2017, M.B. and J.B., on behalf of their Minor Child, J.B., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners alleged that J.B. suffered morphea as a result of receiving the Diphtheria Tetanus acellular Pertussis ("DTaP") and Polio Inactivated Virus ("IPV") vaccines on July 27, 2015. Petition at 1-2; Stipulation, filed December 19, 2019, at ¶¶ 2-4 (ECF No. 63) ("Stipulation"). Petitioners further alleged that the vaccines were administered in the United States and that there had been no prior award or settlement of a civil action for damages on behalf of J.B. as a result of her condition. Petition at 1-5; Stipulation at ¶¶ 3-5. "Respondent denies that the vaccines

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

caused J.B. to suffer from morphea or any other injury or her current condition." Stipulation at ¶ 6.

On December 19, 2019, the parties filed the Stipulation, stating that a decision should be entered awarding compensation.  On December 20, 2019, I issued a decision on the parties' Stipulation awarding damages to Petitioners (ECF No. 64). On December 23, 2019, judgment was entered (ECF No. 67).

The December 20, 2019 decision and December 23, 2019 judgment, based on the December 19, 2019 Stipulation, provided that Petitioners would receive a lump sum cash award for pain and suffering and first year life care expenses. Decision, issued Dec. 20, 2019, at *2 (ECF No. 64), and Judgment, entered Dec. 23, 2019, at *1 (ECF No. 67). The decision and judgment indicated that the award would also include "[a]n amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation." *Id.* Paragraph 10 of the Stipulation indicated that the annuity would make payments "beginning on the first anniversary of the date of judgment, an annual amount of $6,550.00." Stipulation at ¶10.

On March 8, 2021, Respondent filed a Joint Motion for Relief from Judgment and Entry of Modified Judgment (ECF No. 73) ("Mot."). The parties explained that after entry of judgment, Petitioners filed to establish a guardianship of the estate of J.B. with the local probate court in Texas. Mot. at *2. However, Petitioners reported to Respondent that the probate court had "closed indefinitely due to the Covid 19 pandemic." *Id.*

The parties report that the probate court recently reopened, and on March 2, 2021 issued letters of guardianship certifying that Petitioners had been appointed as permanent guardians of the estate of J.B. on October 8, 2020, and qualified as such on December 9, 2020. Mot. at *2.

The parties explain that due to the time that had elapsed since the December 23, 2019 judgment:

> [W]e are now nearly three months into the second year after judgment. Under the terms set forth in the parties' joint stipulation, annuity payments were to begin on the first anniversary of the date of judgment, which would have required the life insurance company to make payments due prior to the date of purchase of the annuity contract. Respondent has been advised by the annuity companies that they do not have the capacity to make such payments in arrears.

Mot. at *2.

The parties request that the judgment be modified to direct that compensation for "Year 2 life care expenses that would otherwise have been paid by the life insurance company ($6,812.00), be included in initial cash, bringing total initial cash for life care expense to $13,362.00. With this revision, annuity payments would begin on the second

anniversary of the date of judgment in 2021 rather than on the first anniversary, as originally contemplated." Mot. at *3.

Pursuant to Vaccine Rule 36, a party may seek relief from judgment under Rule 60 of the Rules of the United States Court of Federal Claims ("RCFC"). Rule 60(b) contains five specific circumstances and a catch-all that permits modification of a judgment for "any other reason that justifies relief." RCFC 60(b)(6). The parties' joint motion seeks relief under Rule 60(b)(6).

As a remedial provision, Rule 60(b) is to be "liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of Health & Hum. Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). Special masters have discretion under Rule 60(b) whether to grant relief and to weigh equitable factors. *See McCray v. Sec'y of Health & Hum. Servs.*, No. 11-567V, 2014 WL 2858593, at *1 (Fed. Cl. Spec. Mstr. May 29, 2014) (citing *CNA Corp. v. United States*, 83 Fed. Cl. 1, 7 (2008)).

Here, I find that the parties have established a basis for amendment of the December 23, 2019 judgment under RCFC 60(b)(6). The motion was made within a reasonable time, and seeks to provide the compensation agreed to and awarded, albeit in a slightly different manner due to pandemic-related delays in establishing guardianship. I find that these circumstances constitute sufficient grounds to grant the relief requested under RCRC 60(b)(6).

**For the reasons stated above, I <u>GRANT</u> the parties' Joint Motion for Relief from Judgment. Accordingly, the Clerk is hereby instructed to amend the December 23, 2019 judgment in this matter as follows, substituting the language below:**

1. **A lump sum of $125,862.00, representing compensation for life care expenses expected to be incurred during the first two years after the original judgment dated December 23, 2019 ($13,362.00) and pain and suffering ($112,500.00), in the form of a check payable to Petitioners as guardians of the estate of J.B. for the benefit of J.B.;**

2. **A lump sum of $50,000.00, representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioners, M.B. and J.B.; and**

3. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the parties' stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"). Annuity payments shall begin on the second anniversary of the original date of judgment, December 23, 2019, consistent with paragraph (1) above.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.